UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED VAN LINES, LLC,<br><br>*Plaintiff,*<br><br>v.<br><br>OGILVIE SECURITY ADVISORS CORP.,<br><br>*Defendant.* | 04-12265 PBS<br><br>CIVIL ACTION NO.<br>RECEIPT # 59616<br>AMOUNT $ 150.00<br>SUMMONS ISSUED 1<br>LOCAL RULE 4.1 ✓<br>WAIVER FORM ✓<br>MCF ISSUED ✓<br>BY DPTY. CLK. M.P.<br>DATE 10/27/2004<br>MAGISTRATE JUDGE RBC |

**COMPLAINT FOR DECLARATORY RELIEF
AND MONEY DAMAGES**

**Parties, Jurisdiction and Venue**

1.  The Plaintiff, United Van Lines, LLC ("United"), is a Missouri limited liability corporation and maintains its principal office and place of business at One United Drive, Fenton, Missouri 63026. At all times pertinent hereto, United operated and continues to operate as an interstate motor carrier of property subject to the provisions of the ICC Termination Act of 1995 ("ICCTA"), 49 U.S.C. §§ 13501, et seq., and the rules regulations and orders of the Federal Motor Carrier Safety Administration ("FMCSA") promulgated there under.

2.  The Defendant, Ogilvie Security Advisors Corp. ("Ogilvie"), upon information and belief, is a corporation and maintains its principal office and place of business at 900 N. Michigan Avenue, Chicago, Illinois and, as pertinent to this lawsuit, maintains an office and place of business at 116 Huntington Avenue, Boston, Suffolk

County, Massachusetts, does business in Massachusetts and is subject to the personal jurisdiction of this Court.

3. This Court has original federal question jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1337 in that this action arises out of the performance of interstate transportation for hire by an interstate motor carrier operating under the authority of the ICCTA and the FMCSA.

4. Venue is proper in this district pursuant to the provisions of 28 U.S.C. § 1391(b)(1) and (2) in that the Defendant conducts business in this district and a substantial part of the events or omissions giving rise to United's claim occurred in this district, as hereinafter more fully appears.

## COUNT I
### (Claim for Enforcement of Posessory Carrier's Lien Against Defendant Ogilvie)

5. On or about August 6, 2004, United received from Ogilvie, at Chicago, Illinois, a shipment of freight, to wit: a truckload of used office furniture, for transportation and delivery to Ogilvie's facility at 116 Huntington Avenue, Boston, Massachusetts.

6. Upon its receipt of Ogilvie's shipment, United issued its Bill of Lading for the shipment, Order No. 321-07009-4 (the "Bill of Lading"), a copy of which is attached hereto as **Exhibit A**.

7. United's Bill of Lading incorporated by reference the rules, regulations, rates and charges set out in its applicable tariff, which governed Ogilvie's shipment.

8. In accordance with the Bill of Lading contract of carriage, United transported Ogilvie's shipment from Chicago, Illinois to Boston, Massachusetts and

tendered delivery of the shipment to Ogilvie at Boston, Massachusetts on or about August 12, 2004.

9.   Ogilvie failed and refused to accept delivery of its shipment upon tender by United, as a result of which United took the shipment to its warehouse and placed it in storage.

10.  As of October 12, 2004, there is an outstanding balance of $6,100.87 in interstate freight charges due United from Ogilvie for the performance of United's interstate transportation services. A copy of United's invoice to Ogilvie is attached hereto as **Exhibit B**.

11.  In addition, there are storage and related warehouse charges of $300.00 per month, beginning as of August 12, 2004, the date Ogilvie declined delivery, which Ogilvie owes to United for the storage of Ogilvie's shipment and that continue to accrue as of this date.

12.  Notwithstanding United's demands upon Ogilvie for payment of the transportation and storage charges due, Ogilvie has failed and refused to pay anything to United.

13.  United seeks to enforce the possessory lien it has acquired on Ogilvie's shipment pursuant to 49 U.S.C. § 80109 and the Bill of Lading contract for the subject shipment.

14.  Pursuant to 49 U.S.C. § 80109 and the provisions of the Bill of Lading contract between United and Ogilvie, United has a possessory lien on the goods now held in storage for United's unpaid interstate transportation and storage charges, and for all other charges for services and expenses necessarily incurred by United for preservation of

Ogilvie's shipment or incident to that transportation and storage, as provided by law and the Bill of Lading contract.

15. Notwithstanding repeated demands made by United upon Ogilvie for payment of United's charges as outlined above, Ogilvie has failed and refused to pay the amount due for the aforesaid transportation and storage charges related to Ogilvie's shipment.

16. The possessory lien acquired by United under Federal law and the Bill of Lading contract takes priority over all other interests, including secured interests.

17. Plaintiff United is entitled to receive payment in full for all transportation and storage charges that have accrued thus far, and which will continue to accrue in the future until the shipment is delivered.

WHEREFORE, Plaintiff United Van Lines, LLC respectfully requests that this Court:

    a. Determine the rights, duties and liabilities of the parties with respect to the interstate shipment of property presently stored by United;

    b. Enter an order immediately authorizing Plaintiff United to sell the subject shipment that is the basis of this action so as to satisfy United's possessory carrier's lien that arising by operation of law;

    c. Enter judgment in favor of Plaintiff United and against Defendant Ogilvie in the amount of $6,100.87, representing the transportation and storage charges due United through the date of this Complaint, plus storage charges at a rate of $300.00 per month accruing since August 12, 2004, plus pre-judgment and post judgment inertest at the maximum rate allowed by law;

    d. Order that Plaintiff United be reimbursed for its costs and attorneys' fees incurred in this action if allowed by law, by deducting said sums from the proceeds of the sale, or in the alternative, in the event a sale is not ordered or otherwise does not take place, that Plaintiff United recover its costs and attorneys' fees if allowed from Defendant Ogilvie; and

    e.    Order such other and further relief as this Court deems just and proper.

                           UNITED VAN LINES, LLC
                           By its attorneys,

October 27, 2004

                           /s/ [signature]
                           Wesley S. Chused (BBO #083520)
                           Patrick O. McAleer (BBO #642627)
                           LOONEY & GROSSMAN LLP
                           101 Arch Street
                           Boston, MA 02110
                           (617) 951-2800