UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

UNITED VAN LINES, LLC,

    *Plaintiff,*

v.

OGILVIE SECURITY ADVISORS CORP.,

    *Defendant.*

Civil Action No. 04-12265-PBS

**ANSWER, COUNTERCLAIM AND JURY DEMAND**
**OF OGILVIE SECURITY ADVISORS CORP.**

    Ogilvie Security Advisors Corp. (hereinafter, "defendant" or "Ogilvie") answers the Complaint of United Van Lines, LLC as follows:

**Parties, Jurisdiction and Venue**

    1.    The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 1.

    2.    The defendant admits to the allegations in paragraph 2.

    3.    To the extent that the allegations in paragraph 3 are statements of law and legal conclusions of the pleader, no response is required. To the extent that any response is required, the defendant denies the allegations in paragraph 3, except that it admits that this Court has original federal question jurisdiction and the action arises out of the performance of interstate transportation for hire.

4.	To the extent that the allegations in paragraph 4 are statements of law and legal conclusions of the pleader, no response is required. To the extent that any response is required, the defendant admits the allegations in paragraph 4.

**Count I (Claim for Enforcement of Posessory Carrier's Lien against Defendant)**

5.	The defendant denies the allegations in paragraph 5, except that it admits that on or about August 6, 2004 United picked up a shipment from Ogilvie which consisted of office furniture in good condition; that the shipment of office furniture in good condition was received by United at Chicago, Illinois, albeit at two different locations; and that the shipment of office furniture was to be transported using pads and straps and delivered in good condition to Ogilvie's office at 116 Huntington Avenue, Boston, Massachusetts.

6.	The defendant denies the allegations in paragraph 6, except that it admits that United, amongst other documentation, provided Ogilvie with a document denominated "Bill of Lading" that purported to have an order number of 321-07009-4. To the extent that any response is required regarding the Bill of Lading purported to be attached as Exhibit A, the defendant denies the allegations in paragraph 6 and states that the Bill of Lading speaks for itself.

7.	To the extent that the allegations in paragraph 7 are statements of law and legal conclusions of the pleader, no response is required.  To the extent that any response is required, the defendant denies the allegations in paragraph 7 and states that the Bill of Lading speaks for itself.

8.	The defendant denies the allegations in paragraph 8, except that it admits that United attempted to tender delivery office furniture to Ogilvie in Boston,

Massachusetts on or about August 11, 2004 that was so injured during transit as to be totally worthless.

9. The defendant denies the allegations in paragraph 9, except that it admits that United attempted to tender delivery office furniture to Ogilvie in Boston, Massachusetts on or about August 11, 2004 that was so injured during transit as to be totally worthless and that, therefore, Ogilvie rightfully refused to accept delivery.

10. The defendant denies the allegations in paragraph 10, except that it admits that United, amongst other documentation, provided Ogilvie with a document denominated that purported to be an invoice. To the extent that any response is required regarding the invoice purported to be attached as Exhibit B, the defendant denies the allegations in paragraph 10 and states that the invoice speaks for itself. Further answering, the defendant acknowledges receipt of an invoice for $6,100.87 from United, but submits any such charges must be setoff as part of Ogilvie's damages.

11. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 11 concerning the amounts of storage or related warehouse charge. The defendant denies the remaining allegations in paragraph 11.

12. The defendant denies the allegations in paragraph 12, except that it admits that United has unreasonably demanded payment for transportation of office furniture that was so injured during transit as to be totally worthless and that, therefore, Ogilvie rightfully refused to accept delivery or make payment. Further answering, the defendant acknowledges receipt of an invoice for $6,100.87 from United, but submits any such charges must be setoff as part of Ogilvie's damages.

13. To the extent that the allegations in paragraph 13 are statements of law and legal conclusions of the pleader, no response is required. To the extent that any response is required, the defendant denies the allegations in paragraph 13.

14. To the extent that the allegations in paragraph 14 are statements of law and legal conclusions of the pleader, no response is required. To the extent that any response is required, the defendant denies the allegations in paragraph 14.

15. The defendant denies the allegations in paragraph 15, except that it admits that United has unreasonably demanded payment for transportation of office furniture that was so injured during transit as to be totally worthless and that, therefore, Ogilvie rightfully refused to accept delivery or make payment. Further answering, the defendant acknowledges receipt of an invoice for $6,100.87 from United, but submits any such charges must be setoff as part of Ogilvie's damages.

16. To the extent that the allegations in paragraph 16 are statements of law and legal conclusions of the pleader, no response is required. To the extent that any response is required, the defendant denies the allegations in paragraph 16.

17. The defendant denies the allegations in paragraph 17.

## **AFFIRMATIVE DEFENSES**

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

The plaintiff by its conduct and actions is estopped to recover any judgment against defendant.

### THIRD AFFIRMATIVE DEFENSE

The claims of the plaintiff are barred by the doctrine of laches.

### FOURTH AFFIRMATIVE DEFENSE

The plaintiff is precluded from obtaining relief due to its own breach of contract.

### FIFTH AFFIRMATIVE DEFENSE

To the extent that the defendant has any obligations to the plaintiff, such obligations have been fully, completely and properly performed in every respect.

### SIXTH AFFIRMATIVE DEFENSE

The Plaintiff has failed to mitigate its damages, if any.

### SEVENTH AFFIRMATIVE DEFENSE

The claims in the complaint are barred by a failure to comply with the condition precedents required by the contract for the shipment, 49 U.S.C. §80109, or the applicable regulations.

### EIGHTH AFFIRMATIVE DEFENSE

The defendants state that plaintiff is not entitled to relief inasmuch as it has unclean hands.

### NINTH AFFIRMATIVE DEFENSE

The plaintiff's own actions and negligence and that of its agents contributed directly and proximately to its damages.

### TENTH AFFIRMATIVE DEFENSE

The plaintiff's damages, if any, are barred or reduced by set off.

WHEREFORE, the defendant Ogilvie Security Advisors Corp. requests that this Court: (a) dismiss the complaint of the plaintiff United Van Lines, LLC with prejudice; (b) award costs and fees, including reasonable attorney's fees to the defendant Ogilvie Security Advisors Corp.; and (c) grant such further relief as the Court deems appropriate.

## COUNTERCLAIM AGAINST UNITED VAN LINES, LLC

### Parties

1. The defendant and plaintiff-in-counterclaim is Ogilvie Security Advisors Corp. ("Ogilvie"), an Illinois corporation with its principal place of business in Chicago, Illinois. Ogilvie maintains an office and place of business at 116 Huntington Avenue, Boston, Massachusetts.

2. The plaintiff and defendant-in-counterclaim is United Van Lines, LLC ("United"), is a Missouri limited liability corporation and maintains a principal place of business at One United Drive, Fenton, Missouri 63026.

### Facts Common to All Counts

3. On or about August 6, 2004, Ogilvie was the owner of certain used office equipment in good condition located at 900 N. Michigan Avenue and 1601 S. Canal St., Chicago, Illinois 60611. Ogilvie had purchased the office equipment in May 2001 for the sum of $62,453.52 and intended to ship a substantial amount of it, having a value of $51,258.99, to Boston.

4. On August 6, 2004, Ogilvie delivered to United at 900 N. Michigan Avenue and 1601 S. Canal St., Chicago, Illinois 60611 office equipment in good condition with a value of $51,258.99 for transportation to Ogilvie's office at 116

Huntington Avenue, Boston, Massachusetts ("Boston Office"). United received and issued a bill of lading for the property. United understood and agreed that the office equipment was to be pad wrapped and strapped inside its vehicles.

5. Ogilvie relinquished control over the office equipment to United, and did not accompany it for transportation to the Boston Office.

6. During transit from Chicago to Boston, United substantially damaged Ogilvie's office equipment. United failed to pad wrap or strap Ogilvie's office equipment in its vehicles. The office equipment was placed into packing bins without any protective wrapping and suffered broken glass panes, ripped fabric, fracture frames, and other damage. As a result of the damage, the office equipment was completely and totally unusable.

7. On or about August 11, 2004, United attempted to tender delivery of office furniture to Ogilvie in Boston, Massachusetts that was so injured during transit as to be totally worthless and that, therefore, Ogilvie rightfully refused to accept delivery.

8. Ogilvie's refusal to accept the tendered deliver was justified as Ogilvie's employees personally observed that the office equipment was so injured during transit as to be totally worthless; a third party contractor Ogilvie had hired to assemble the office equipment personally observed the office equipment to be in terrible condition and advised that he would not be able to assemble the equipment due to its condition; and United's own employees admitted that they would not accept the shipment.

9. Ogilvie sent a claim in writing to United for damages in the amount of $51,258.99.

**Count I**
**(Violation of 49 U.S.C. § 14706)**

10. 49 U.S.C. §14706 (a)(1) states, in relevant part, that, "A carrier providing transportation…shall issue a receipt or bill of lading for property it receives for transportation under this part. That carrier and any other carrier that delivers the property and is providing transportation or service …are liable to the person entitled to recover under the receipt or bill of lading. The liability imposed under this paragraph is for the actual loss or injury to the property caused by (A) the receiving carrier, (B) the delivering carrier, or (C) another carrier over whose line or route the property is transported in the United States…"

11. As alleged above, Ogilvie delivered office equipment in good condition to United at 900 N. Michigan Avenue and 1601 S. Canal St., Chicago, Illinois 60611 on or about August 6, 2004.

12. As alleged above, United failed to pad wrap or strap Ogilvie's office equipment in its vehicles and tendered delivery of damaged office equipment to Ogilvie at 116 Huntington Avenue, Boston, Massachusetts on or about August 11, 2004.  The office furniture was so injured during transit as to be totally worthless and that, therefore, Ogilvie rightfully refused to accept delivery.  Ogilvie sustained actual damages in the amount of $51,258.99.

13. Ogilvie sent a claim in writing to United for damages in the amount of $51,258.99.  Ogilvie has offered United the opportunity to sell or dispose of the office furniture as provided by the contract and law with the only condition that Ogilvie first be

given the opportunity to photograph and document the damage. United has failed and refused to acknowledge Ogilvie's claim, failed and refused to sell or dispose of the office furniture as requested, and failed and refused to provide Ogilvie with the opportunity to photograph and document the damage to the office equipment. Instead United has initiated this action.

14.     As a result of United's violation of 49 U.S.C. §14706, Ogilvie sustained damages in the amount of $51,258.99.

### Count II
### (Violation of 49 U.S.C. § 80113)

15.     49 U.S.C. §80113 essentially provides that a carrier's is liable for its negligence in failing to safely load goods for shipment.

16.     As alleged above, Ogilvie delivered office equipment in good condition to United at 900 N. Michigan Avenue and 1601 S. Canal St., Chicago, Illinois 60611 on or about August 6, 2004.

17.     As alleged above, United failed to pad wrap or strap Ogilvie's office equipment in its vehicles and tendered delivery of damaged office equipment to Ogilvie at 116 Huntington Avenue, Boston, Massachusetts on or about August 11, 2004. The office furniture was so injured during transit as to be totally worthless and that, therefore, Ogilvie rightfully refused to accept delivery. Ogilvie sustained actual damages in the amount of $51,258.99.

18.     Ogilvie sent a claim in writing to United for damages in the amount of $51,258.99. Ogilvie has offered United the opportunity to sell or dispose of the office furniture as provided by the contract and law with the only condition that Ogilvie first be

given the opportunity to photograph and document the damage. United has failed and refused to acknowledge Ogilvie's claim, failed and refused to sell or dispose of the office furniture as requested, and failed and refused to provide Ogilvie with the opportunity to photograph and document the damage to the office equipment. Instead United has initiated this action.

19. As a result of United's violation of 49 U.S.C. §80113, Ogilvie sustained damages in the amount of $51,258.99.

**WHEREFORE,** the defendant/plaintiff-in-counterclaim, Ogilvie, demands judgment against the plaintiff/defendant-in-counterclaim, United for: (a) damages incurred as result of United's violation of 49 U.S.C. §14706 and 49 U.S.C. §80113; (b) attorney's fees, costs, and other incidental expenses as a result of the filing of the action by plaintiff/defendant-in-counterclaim; and (c) award any further relief that is just and equitable.

**OGILVIE SECURITY ADVISORS CORP. DEMANDS A TRIAL BY JURY ON ALL CLAIMS SO TRIABLE.**

    Ogilvie Security Advisors Corp.,
By its Attorney,

___/J. Mark Dickison/_____
J. Mark Dickison (BBO#629170)
Lawson & Weitzen, LLP
88 Black Falcon Avenue, Suite 345
Boston, MA 02210
(617) 439-4990

CERTIFICATE OF SERVICE

I, J. Mark Dickison, hereby certify that I served a true copy of the above document on counsel of record, Wesley S. Chused, Looney & Grossman, LLP, 101 Arch Street, Boston, MA 02110 electronically via ECF and by first class mail on November 24, 2004.

                                              /J. Mark Dickison/
                                              J. Mark Dickison