UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| UNITED VAN LINES, LLC, | ) | |
| *Plaintiff,* | ) ) ) | |
| v. | ) ) ) | CIVIL ACTION |
| OGILVIE SECURITY ADVISORS CORP., | ) ) | NO.: 04-12265-PBS |
| *Defendant.* | ) ) ) | |

## PLAINTIFF'S ANSWER TO DEFENDANT'S COUNTERCLAIM

The Plaintiff, United Van Lines, LLC ("United"), for its answer to the Counterclaim of the Defendant, Ogilvie Security Advisors Corp. ("Ogilvie"), states as follows in response to each corresponding paragraph therein:

1. Admitted.

2. Admitted.

3. United is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 3 of Ogilvie's counterclaim, and therefore neither admits nor denies said allegations but calls upon Ogilvie to prove the same.

4. Denied; except United admits that on or about August 6, 2004, it received from Ogilvie, at Chicago, Illinois a shipment of freight, to wit: a truckload of used office furniture, for transportation and delivery to Ogilvie's facility at 116 Huntington Avenue, Boston, Massachusetts.

5. Admitted.

6. Denied.

7. Denied; except United admits that on or about August 12, 2004, it tendered delivery of the shipment to Ogilvie at Boston, Massachusetts, and that Ogilvie refused to accept delivery of the shipment.

8. Denied.

9. Admitted.

10. Admitted.

11. Denied.

12. Denied.

13. Denied; except United admits that Ogilvie sent a written claim to United seeking damages in the amount of $51,258.99, and that United initiated this action to enforce its rights under the bill of lading.

14. Denied.

15. Denied.

16. Denied.

17. Denied.

18. Denied; except United admits that Ogilvie sent a written claim to United seeking damages in the amount of $51,258.99, and that United initiated this action to enforce its rights under the bill of lading.

19. Denied.

## FIRST AFFIRMATIVE DEFENSE

Ogilvie's Counterclaim, Count II, fails to state a claim against United upon which relief can be granted because under the ICC Termination Act of 1995 there are no causes of action for violation of 49 U.S.C. §80113 arising out of or related to the transportation of freight in interstate commerce; and Count II must therefore be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

## SECOND AFFIRMATIVE DEFENSE

Whatever shipment was received for transportation by United was accepted in accordance with and subject to all the terms and conditions of the governing bills of lading, United's effective classifications and tariffs, the rules set forth therein, and the rules and regulations of the Federal Motor Carrier Safety Administration, which together form the contract of carriage between the parties for the transportation of Ogilvie's shipment. United duly performed all of the contractual obligations thereunder which it was required to perform.

## THIRD AFFIRMATIVE DEFENSE

United's liability to Ogilvie, if any, is limited to the declared or released rate valuation in accordance with the terms and conditions of the bill of lading and United's rules, regulations, classifications or tariffs governing the subject shipment.

## FOURTH AFFIRMATIVE DEFENSE

The bill of lading contract provided that the carrier shall not be liable for loss or damage caused by or resulting from an act, omission or order of shipper, improper packing or packaging, or from a defect or inherent vice of the article. United is not liable for any loss, damage or delay to the shipment that was due to such causes.

### FIFTH AFFIRMATIVE DEFENSE

In the event that Ogilvie did not have or does not have any title or interest in the shipment that is the subject of its Counterclaim, then it is not the real party in interest herein and is not entitled to any recovery.

### SIXTH AFFIRMATIVE DEFENSE

If the shipment referred to in Ogilvie's Counterclaim suffered any loss, damage or delay, such loss, damage or delay was caused by the acts or omissions of a third party or parties over whom United had no control, and United therefore is not liable.

### SEVENTH AFFIRMATIVE DEFENSE

The bill of lading, tariffs and classifications which constitute the contract of carriage do not contemplate carrier responsibility for special damages. To the extent any of the damages sought by Ogilvie in its Counterclaim are special damages, United is not liable.

### EIGHTH AFFIRMATIVE DEFENSE

Ogilvie is barred from any recovery on its Counterclaim due to its failure to have paid United the freight charges due for the shipment as required by the bill of lading.

### NINTH AFFIRMATIVE DEFENSE

Any amount due Ogilvie on its Counterclaim must be set off by the unpaid freight and storage charges Ogilvie owes to United.

### TENTH AFFIRMATIVE DEFENSE

Ogilvie has failed to mitigate its damages and is therefore barred from recovery.

### ELEVENTH AFFIRMATIVE DEFENSE

United is not liable to Ogilvie for any damages that were caused by or resulted from the improper packaging, packing or loading of the shipment.

### TWELFTH AFFIRMATIVE DEFENSE

Ogilvie is estopped by is conduct from any recovery against United.

### THIRTEENTH AFFIRMATIVE DEFENSE

Ogilvie wrongfully rejected United's tender of delivery, and United, therefore, is not liable.

### FOURTEENTH AFFIRMATIVE DEFENSE

United's liability to Ogilvie, if any, is that of a warehouseman only due to Ogilvie's wrongful rejection of the shipment.

WHEREFORE, plaintiff/defendant-in-counterclaim United Van Lines, LLC demands judgment dismissing the Counterclaim of the defendant/plaintiff-in-counterclaim, Ogilvie Security Advisors Corp., and awarding United reasonable costs for its defense of same.

UNITED VAN LINES, LLC
By its attorney,

November 30, 2004                /s/ "Wesley S. Chused"
                                 Wesley S. Chused (BBO #083520)
                                 LOONEY & GROSSMAN LLP
                                 101 Arch Street
                                 Boston, MA  02110
                                 (617) 951-2800

## CERTIFICATE OF SERVICE

     I hereby certify that on November 30, 2004 I served a copy of the foregoing pleading upon all parties hereto electronically, via facsimile or by mailing copies thereof, via first- class mail, postage prepaid, properly addressed to:

                        J. Mark Dickison, Esq.
                        Lawson & Weitzen, LLP
                        88 Black Falcon Avenue, Suite 345
                        Boston, MA 02210


                        /s/ "Wesley S. Chused"
                        Wesley S. Chused